# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**FERNANDO PARKER**                                                                                           **PLAINTIFF**

**v.**                                             **No. 2:07CV169-M-B**

**COAHOMA COUNTY SHERIFF'S DEPT., ET AL.**              **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Fernando Parker, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff, who is incarcerated in the Coahoma County Jail, has requested that the jail staff provide him with "Islamic material," but he has not received it. He has also requested that the jail staff provide him with a newspaper to read, but he has not received that, either. The plaintiff complains that the jail staff provide disposable cups and spoons and will not replace them for weeks so that the plaintiff must wash them in his cell and reuse them. He also complains that the jail staff serve meals on old foul-smelling food trays with holes in them at mealtime. Finally, he complains that the drain hole in the dorm area remains open and leaves a foul smell.

### No Duty to Provide Religious Materials or Newspapers

A jail has no affirmative duty to provide inmates the religious text or other reading material of their choosing. *Frank v. Terrell,* 858 F.2d 1090 (5th Cir.1988) (quoting *Cruz v. Beto,* 405 U.S. 319, 323 (1972) ("[t]here cannot possibly be any constitutional or legal requirement that the government provide materials for every religion and sect practiced in this diverse country"). As such, the plaintiff's claim regarding the jail's decision not to provide him with a copy of Islamic material or newspapers shall be dismissed for failure to state a constitutional claim.

### General Conditions

The plaintiff's claim regarding the general conditions of his confinement (long-term use of disposable dinnerware, old dinner trays, and open drain hole) must be dismissed, as well. "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). Prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Having reviewed the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the court holds that these claims caused the plaintiff only discomfort or inconvenience and simply do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51

F.3d at 581. As such, the plaintiff's claims regarding the general conditions of his confinement shall be dismissed for failure to state a constitutional claim.

In sum, all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 21st day of April, 2008.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**